Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000466
25-MAY-2017
08:01 AM

NO. CAAP-16-0000466

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DENNIS GOUVEIA, JR., Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CR NOS. 08-1-1275, 09-1-2226, 12-1-1238, 12-1-1404)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Chan, JJ.)

Defendant-Appellant Dennis Gouveia, Jr., (Gouveia) appeals from orders denying his petitions pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006) to correct and/or modify judgment in four separate family court criminal cases. In each case, Gouveia was originally placed on probation for one or more misdemeanor convictions by the Family Court of the First Circuit (Family Court). However, Gouveia repeatedly violated the conditions of his probation, including seven occasions in which Gouveia's probation was revoked or modified, but the Family Court permitted Gouveia to continue on probation. Eventually, the Family Court revoked Gouveia's probation in all four cases and sentenced Gouveia to one year of incarceration in each case. The Family Court imposed the one-year term of incarceration in each of the cases consecutively to each other, for a total of four years of incarceration.

Gouveia filed a motion to reconsider his sentence in each case, which the Family Court denied. Gouveia then filed a "Petition Pursuant to HRPP Rule 40 to Correct and/or Modify Judgment" (Petition) in each of the four cases. On May 17, 2016, the Family Court issued its "Order Denying Petition Pursuant to HRPP Rule 40 to Correct and/or Modify Judgment" (Order Denying Petition) in each case. Gouveia appeals from these Orders Denying Petition.

On appeal, Gouveia argues that the Family Court[1] abused its discretion in sentencing him to four consecutive one-year terms of incarceration. As explained below, based on the Hawai'i Supreme Court's recent decision in State v. Barrios, 139 Hawai'i 321, 389 P.3d 916 (2016), we vacate the Orders Denying Petition, vacate Gouveia's multiple consecutive sentences, and remand the cases for resentencing.

I.

A.

Gouveia was convicted of the following misdemeanor and petty misdemeanor offenses in four Family Court criminal cases:

1. In FC-CR No. 08-1-1275, Gouveia was convicted in 2008 of (1) abuse of a family or household member, namely, his wife, and (2) harassment of another individual.

2. In FC-CR No. 09-1-2226, Gouveia was convicted in 2010 of (1) violation of a protective order; (2) interference with reporting an emergency or crime by his wife; and (3) fourth-degree criminal property damage of his wife's property.

3. In FC-CR No. 12-1-1238, Gouveia was convicted in 2012 of abuse of a family or household member, namely, his wife.

4. In FC-CR No. 12-1-1404, Gouveia was convicted in 2012 of violation of a protective order.

B.

Gouveia was originally sentenced to terms of probation for his convictions in all four cases. However, Gouveia

---

[1] The Honorable Steven S. Alm presided over the proceedings relevant to this appeal.

2

repeatedly failed to comply with the conditions of probation. Between 2010 and 2013, the Family Court revoked or modified his probation on seven occasions, but reimposed terms of probation after revoking his probation.

In March 2014, Gouveia's probation officer filed a consolidated motion to revoke Gouveia's probation in all four cases. At a hearing on the consolidated motion held on March 12, 2014, the Family Court revoked Gouveia's probation in each case, and it sentenced Gouveia to four consecutive one-year terms of incarceration. In explaining its sentence, the Family Court stated:

> Mr. Gouveia, we've given you chances in the past, and back almost two years, a year-and-a-half ago in October 2012 I told you don't run away, and that's what you did. So it doesn't mean you're a bad guy, but it means your actions are showing me you're just not up to doing probation.
>
> . . . .
>
> . . . [Y]our attorney's telling me you go to work, you do all this other stuff. So you can do stuff you want to do, you just don't do stuff that you don't want to do. And my concern always is, is there a potential for violence? I mean, you're in here on two different abuses, violent order for protection. That means you're not following what other judges are telling you to do, and you're just doing whatever you want to do, so I think the time out is what you need.
>
> . . . .
>
> But, Mr. Gouveia, your family needs you, but they need you clean and sober, and they need you for the next 20 years, so I urge you. Once you get out, stop using and make a life of it and be there for them.
>
> . . . .
>
> . . . [Y]ou've run away more than once, and you've shown you're just not up to doing probation, and these are violent offenses.

### C.

On March 18, 2014, Gouveia filed a motion to reconsider his sentence in each case. The Family Court held a hearing on Gouveia's motions on April 15, 2014, and it orally denied the motions.

In June 2015, Gouveia filed the four Petitions at issue in this appeal. In the Petitions, Gouveia asserted, among other things, that:

> 8. Since there is no parole and/or furlough for misdemeanor offenses, Defendant will serve every day of his four (4) year sentence;
>
> 9. Defendant is currently on the prison work-line, and does not qualify for programming or substance abuse programs, such as Kashbox;
>
> 10. Defendant is married, with five children, and his incarceration has proven to be a financial hardship on his wife and children[.]

At the hearing held on Gouveia's Petitions, Gouveia called his wife as a witness. Gouveia's wife testified that she was not afraid of Gouveia and asked that he be released.

The Family Court denied the Petitions, explaining:

> . . . Mr. Gouveia, . . . I don't doubt whatever . . . your wife is saying, although, you know, she's been a victim of your violence in the past. And the fact that she's now struggling with the kids, she wants you out, she's an optimist, I get all that. And if I had a crystal ball to know that there'd be no violence by you in the future, I'd give you a chance to go do this. I don't doubt what was said. But I -- I don't have that.
>
> And I have to look at what your record is, the fact that you've had, you know, convictions for [Unauthorized Control of Propelled Vehicle] multiple times, theft, escape, and here, it's violations of orders for protection which means another judge has told you not to do something and you violated that, and convictions of abuse of household member means you've been violent. And in addition, you didn't show up in court. We had to issue a warrant. You got arrested. I then told you don't run away or I am going to send you up, and you ran away.
>
> So, you know, like I said, . . . if I knew that, in fact, you had really changed and you weren't going to be violent in the future, I would give you a chance to do it. I'm not going to take that chance.
>
> So . . . it's four years. You're not going to be hurting anybody in that time. If you're really serious about this, when you get out, you won't hurt anybody else in the future, and you can have a life with your kids. You can be there for them the way you should. So the motion is denied. I wish you the best in the future but . . . I think I made the right sentence before, and I am going to stick to it.

The Family Court filed its Order Denying Petition in each of the four cases on May 17, 2016, and this appeal followed.

II.

Gouveia argues that the Family Court abused its discretion in sentencing him to four consecutive one-year terms of incarceration, rather than concurrent terms of imprisonment. In particular, Gouveia argues that the Family Court's consecutive sentences were arbitrary and violated his right to due process because the Family Court failed to consider all the sentencing factors set forth in HRS § 706-606 (2014).

After the Family Court imposed its four consecutive sentences and after Gouveia filed his opening brief, the Hawai'i Supreme Court issued its decision in State v. Barrios, 139 Hawai'i 321, 389 P.3d 916. In Barrios, the supreme court held that where multiple consecutive sentences are imposed, the sentencing court is required to explain its reasoning for each consecutive sentence:

> [A] sentencing court should explain its rationale for each consecutive sentence in order to inform the defendant and appellate courts of the specific factors underlying each sentence. This helps to ensure that a sentencing judge takes into account the differences among convictions prior to imposing multiple consecutive sentences. Thus, in order to provide a rational basis for imposing consecutive sentences as required by [State v.] Kong, [131 Hawai'i 94, 315 P.3d 720 (2013),] sentencing courts must state on the record the HRS § 706-606 factors that support each consecutive sentence. While the same factors could be sufficiently aggravated to justify imposing more than one consecutive sentence, the sentencing court should specify that basis or identify another basis for determining how many consecutive sentences to impose.

Barrios, 139 Hawai'i at 337, 389 P.3d at 932.

Here, we disagree with Gouveia's claim that the Family Court failed to consider all the sentencing factors set forth in HRS § 706-606. It is well settled that "[a]bsent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606." Id. at 333, 389 P.3d at 928 (internal quotation marks and citation omitted). In addition, "'the sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606,' but rather must 'articulate its reasoning only

5

with respect to those factors it relies on in imposing consecutive sentences.'" Id. at 336, 389 P.3d at 931 (citation and brackets omitted). The Family Court explained its reasoning with respect to the factors it relied upon in deciding to impose consecutive sentences, and Gouveia fails to overcome the presumption that the Family Court considered all relevant factors under HRS § 706-606.

However, while the Family Court generally explained its reasons for imposing consecutive as opposed to concurrent sentences, it did not, as required by Barrios, "state on the record the HRS § 706-606 factors that support each consecutive sentence." Barrios, 139 Hawai'i at 337, 389 P.3d at 932 (emphasis added). In other words, the Family Court's explanation was adequate to support its decision to impose the sentences in two of the four cases consecutively, but the Family Court failed to adequately explain on the record its reasons for running the sentences in all four cases consecutively. Thus, while the Family Court's explanation was adequate to support one consecutive sentence, its statements were not adequate to support multiple consecutive sentences. Based on Barrios, because the Family Court failed to adequately explain its rationale for imposing multiple consecutive sentences, that is, running the sentences in all four cases consecutively, we conclude that Gouveia's multiple consecutive sentences must be vacated and that the cases must be remanded for resentencing. We express no opinion on what sentence Gouveia should receive on remand, as our decision is based only on the Family Court's failure to adequately explain its rationale for imposing multiple consecutive sentences.

III.

Based on the foregoing, we vacate the Order Dismissing Petition filed in each case and Gouveia's multiple consecutive sentences. We remand the cases for resentencing of Gouveia and

for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, May 25, 2017.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant.

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7